Zhuang v. Garland

BIA
Loprest, IJ
A205 444 743

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-one.

PRESENT:
>        DENNIS JACOBS,
>        GUIDO CALABRESI,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

LIFEN ZHUANG,
>        *Petitioner*,

>        v.                                          19-2345
>                                                    NAC
MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
>        *Respondent.* *

_____

FOR PETITIONER:              James A. Lombardi, Esq., New York, NY.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:**  Joseph H. Hunt, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lifen Zhuang, a native and citizen of the People's Republic of China, seeks review of a July 2, 2019, decision of the BIA affirming a January 8, 2018, decision of an Immigration Judge ("IJ") denying Zhuang's application for withholding of removal. *In re Lifen Zhuang*, No. A205 444 743 (B.I.A. July 2, 2019), *aff'g* No. A205 444 743 (Immig. Ct. N.Y. City Jan. 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei*

*Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Contrary to the Government's contention, Zhuang's brief sufficiently challenges the agency's adverse credibility determination.

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Zhuang was not credible as to her claim that she was persecuted under China's family planning policy.

The IJ found that Zhuang gave the impression that she was testifying from memorization rather than experience and that she was often unresponsive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). That finding is supported by the record, which shows that Zhuang testified clearly and concisely on direct examination but became hesitant and unresponsive on cross-examination and gave the impression that she was delaying and attempting to provide correct answers rather than those based on experience. Accordingly, we afford "particular deference" to the IJ's demeanor finding. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

The IJ's demeanor finding and adverse credibility determination as a whole were further supported by Zhuang's inconsistent statements regarding when she worked in the United States and why she was unable to get friends to translate her son's school records. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an

4

applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Her changing answers in this regard gave the impression of a willingness to alter her story to gain relief.

Having questioned Zhuang's credibility, the agency reasonably relied further on her failure to rehabilitate her testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). As the IJ noted, Zhuang did not submit evidence corroborating her claim that she hid from family planning officials at her aunt's house and her U.S. medical records were incomplete and did not corroborate her claim of a forced abortion in China.

The demeanor, inconsistency, and corroboration findings constitute substantial evidence supporting the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Notwithstanding other inconsistency findings that may not be supported by the record, that determination was dispositive of withholding of removal. *See*

5

*Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). We do not consider Zhuang's unexhausted argument that she was limited in her testimony about her past persecution claim. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107, 122-24 & n.1 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court